**Chief Judge Ricardo S. Martinez**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>V.<br>ELIAS GRAHAM,<br><br>                Defendant. | No. 20-cr-156-RSM<br><br>ORDER ON DEFENDANT'S MOTION TO CHANGE PLEA VIA REMOTE HEARING |

## I. ORDER

The court has reviewed Mr. Graham's motion, the record in this matter, and the applicable law. Being fully advised and finding oral argument unnecessary, the court GRANTS Mr. Graham's motion as more fully described below.

## II. ANALYSIS

The Federal Rules of Criminal Procedure make no provision for a defendant to enter a guilty plea except while in open court. See generally Fed. R. Crim. P. Due to the COVID-19

ORDER GRANTING
MOTION FOR REMOTE HEARING
*U.S.A. v. Graham, 20-cr-156-RSM*

Page 1 of 3

CARNEY GILLESPIE PLLP

600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com

pandemic and the public health emergency, Congress enacted the Coronavirus Aid, Relief, and Economic Safety Act ("CARES Act"), which provides that certain criminal proceedings may proceed by video teleconferencing during the COVID-19 national emergency, including a guilty plea in a felony case. See CARES Act § 15002. To do so, the Judicial Conference of the United States first must find that the COVID-19 emergency will materially affect the functioning of the federal courts generally or a particular court. Id. § 15002(b)(2)(A). It has done so. See Administrative Office of the United States Courts, Judiciary News, Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic (Mar. 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access- during-covid-19-pandemic.

On March 30, 2020, this court fulfilled the second requirement of the CARES Act for permitting guilty plea hearings via video teleconferencing when it entered a finding "that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." See GO 04-20 at 2; see also CARES Act § 15002(b)(2)(A).

Third, the CARES Act requires that the district court in the particular case must find "for specific reasons that the plea . . . in that case cannot be further delayed without serious harm to the interests of justice." See CARES Act § 15002(b)(2)(A); see also GO 04-20. Accordingly, for the reasons set forth in Mr. Graham's motion, the court finds that the plea hearing in this case "cannot be further delayed without serious harm to the interests of justice." See CARES Act § 15002(b)(2)(A). Absent intervention, Mr. Graham would not be able to participate in a guilty plea hearing until at least June 23, 2021, see GO 6-21 at 2. The delay in changing Mr. Graham's

ORDER GRANTING
MOTION FOR REMOTE HEARING
*U.S.A. v. Graham*, 20-cr-156-RSM

Page 2 of 3

plea would potentially delay his sentencing hearing beyond the period of incarceration being sought by the government in the parties' plea agreement.

Accordingly, the court GRANTS Mr. Graham's motion to proceed with his guilty plea hearing via video teleconference.

### III.     CONCLUSION

Based on the foregoing analysis, and within the specific parameters set forth above, the court GRANTS Mr. Graham's motion to proceed with a guilty plea hearing via video teleconference.

DONE this 4th day of June, 2021.

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING
MOTION FOR REMOTE HEARING
U.S.A. v. Graham, 20-cr-156-RSM

Page 3 of 3

CARNEY GILLESPIE PLLP
600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com